**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INDIAN HARBOR INSURANCE COMPANY,

    Plaintiff,

           v.

BUSINESS LOAN EXPRESS, LLC (f/k/a
BUSINESS LOAN EXPRESS INC.);
BUSINESS LOAN CENTER, LLC (f/k/a
BUSINESS LOAN CENTER, INC.); ROBERT
TANNENHAUSER; MATTHEW MCGEE; and
GEORGE HARRIGAN,

    Defendants.

**Case No.** 07 CV 4725

Hon. Robert W. Sweet

**ANSWER AND**
**COUNTER-CLAIMS**

      Defendants, Business Loan Express, LLC (f/k/a Business Loan Express Inc.),

Business Loan Center, LLC (f/k/a Business Loan Center, Inc.), Robert Tannenhauser and

Matthew McGee (collectively, "BLX"), hereby answer the Complaint of Indian Harbor

Insurance Company ("Indian Harbor").  BLX generally denies each and every allegation of the

Complaint that is not expressly admitted herein, and responds to each of the numbered

paragraphs of the Complaint as follows:

**PARTIES**

      1.      BLX denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of the Complaint.

      2.      The allegations in paragraph 2 of the Complaint are conclusions of law to which

no response is required.  To the extent a response is deemed required, BLX admits that BLX is a

Delaware limited liability company with its principal place of business in New York, New York,

and that BLX has offices throughout the country, including within the geographical jurisdiction

of the United States District Court for the Southern District of New York.

3.     The allegations in paragraph 3 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX admits that Business Loan Center, LLC ("BLC"), was formerly known as Business Loan Center Inc. and that BLC is a Delaware limited liability company with its principal place of business in New York City, New York, and has offices throughout the country, including within the geographical jurisdiction of the United States District Court for the Southern District of New York.

4.     BLX admits the allegations in paragraph 4 of the Complaint.

5.     BLX admits the allegation in paragraph 5 of the Complaint.

6.     BLX denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     The allegations contained in paragraph 7 are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX admits the allegations set forth in paragraph 7 of the Complaint.

8.     The allegations contained in paragraph 8 are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX admits the allegations set forth in paragraph 8 of the Complaint.

9.     BLX denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX admits the allegations set forth in paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

### The Brickman Action

11.     The allegations contained in paragraph 11 are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX admits that an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147 was filed in the United States District Court for the Northern District of Georgia, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

12.     BLX denies the allegations set forth in paragraph 12 of the Complaint, except admits that an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147 was filed in the United States District Court for the Northern District of Georgia, and respectfully refers the Court to the pleadings in that action.

13.     BLX denies the allegations in paragraph 13 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

14.     BLX denies the allegations in paragraph 14 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

15.     BLX denies the allegations in paragraph 15 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and

respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

16.     BLX denies the allegations in paragraph 16 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

17.     BLX denies the allegations in paragraph 17 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

18.     BLX denies the allegations in paragraph 18 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

19.     BLX denies the allegations in paragraph 19 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

20.     BLX denies the allegations in paragraph 20 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and

respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

21.    BLX denies the allegations in paragraph 21 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

22.    BLX denies the allegations in paragraph 22 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

23.    BLX denies the allegations in paragraph 23 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147,  and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

24.    BLX denies the allegations in paragraph 24 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

25.    BLX denies the allegations in paragraph 25 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and

respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

26.    BLX denies the allegations in paragraph 26 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully  refers the Court to the pleadings in that action for an accurate statement of their contents.

27.    BLX denies the allegations in paragraph 27 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

28.    BLX denies the allegations in paragraph 28 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

29.    BLX denies the allegations in paragraph 29 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

30.    BLX denies the allegations in paragraph 30 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and

respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

### The Policy

31.  BLX admits the allegations in paragraph 31 of the Complaint.

32.  BLX admits the allegations in paragraph 32 of the Complaint.

33.  BLX denies the allegations in paragraphs 33-41, inclusive, of the Complaint, except admits that language quoted can be found in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

34.  BLX denies the allegations in paragraph 42 of the Complaint, and respectfully refers the Court to the correspondence dated January 31, 2007.

35.  BLX denies the allegations in paragraph 43 of the Complaint, and respectfully refers the Court to the letter dated February 12, 2007, which is attached as Exhibit C to the Complaint.

### COUNT I

36.  BLX repeats and realleges paragraphs 1-35 above in response to paragraph 44 of the Complaint.

37.  BLX denies the allegations in paragraphs 45-47, inclusive, of the Complaint except admits that language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

38.  BLX denies the allegations in paragraph 48 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

39.  BLX denies the allegations in paragraph 49 of the Complaint.

40.     BLX denies the allegations in paragraph 50 of the Complaint, except admits that a case or controversy exists between Indian Harbor and BLX.

## COUNT II

41.     BLX repeats and realleges paragraphs 1-40 above in response to the allegations in paragraph 51 of the Complaint.

42.     BLX denies the allegations in paragraph 52 of the Complaint, except admits the language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

43.     BLX admits the allegations in paragraph 53 of the Complaint.

44.     BLX denies the allegations in paragraph 54 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

45.     BLX denies the allegations in paragraph 55 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

46.     BLX denies the allegations in paragraph 56 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

47.     BLX denies the allegations in paragraph 57 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

48.     BLX denies the allegations in paragraph 58 of the Complaint except admits that an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, was filed in the United States District Court for the Northern District of Georgia, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

49.     BLX denies the allegations in paragraph 59 of the Complaint.

50.     BLX denies the allegations in paragraph 60 of the Complaint except admits that a case or controversy exists between Indian Harbor and BLX.

**COUNT III**

51.     BLX repeats and realleges paragraphs 1-50 above in response to the allegations in paragraph 61 of the Complaint.

52.     BLX denies the allegations in paragraph 62 of the Complaint, except admits that the language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

53.     BLX denies the allegations in paragraph 63 of the Complaint except admits that an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, was filed in the United States District Court for the Northern District of Georgia, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

54.     BLX denies the allegations in paragraph 64 of the Complaint, except admits the Section 3729 of the False Claims Act contains the language set forth in paragraph 64.

55.     BLX denies the allegations set forth in paragraphs 65-68, inclusive, of the Complaint.

56.     BLX denies the allegations set forth in paragraph 69 of the Complaint, except admits that a case or controversy exists between Indian Harbor and BLX.

## COUNT IV

57.     BLX repeats and realleges paragraphs 1-56 above in response to the allegations in paragraph 70 of the Complaint.

58.     BLX denies the allegations in paragraph 71 of the Complaint, except admits that the language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

59.     The allegations in paragraph 72 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 72 of the Complaint.

60.     BLX denies the allegations in paragraph 73 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

61.     BLX denies the allegations in paragraph 74 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

62.     BLX denies the allegations in paragraph 75 of the Complaint.

63.     The allegations in paragraph 76 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 76 of the Complaint, except admits that a case or controversy exists between Indian Harbor and BLX.

64.     The allegations in paragraph 77 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 77 of the Complaint.

## COUNT V

65.     BLX repeats and realleges paragraphs 1-64 above in response to the allegations in paragraph 78 of the Complaint.

66.     BLX denies the allegations in paragraph 79 of the Complaint, except admits that the language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

67.     BLX denies the allegations in paragraph 80 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

68.     BLX denies the allegations in paragraph 81 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

69.     BLX denies the allegations in paragraph 82 of the Complaint except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

70.     The allegations in paragraph 83 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 83 of the Complaint.

71.     The allegations in paragraph 84 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 84 of the Complaint, except admits that a case or controversy exists between Indian Harbor and BLX.

## COUNT VI

72.     BLX repeats and realleges paragraphs 1-71 above in response to the allegations in paragraph 85 of the Complaint.

73.     BLX denies the allegations in paragraph 86 of the Complaint, except admits that the language quoted appears in the Policy, and respectfully refers the Court to the entire Policy for the Court's own interpretation thereof.

74.     BLX denies the allegations in paragraph 87 of the Complaint, except admits that a Third Amended Complaint was filed in an action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, and respectfully refers the Court to the pleadings in that action for an accurate statement of their contents.

75.     The allegations in paragraph 88 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 88 of the Complaint.

76.     The allegations in paragraph 89 of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, BLX denies the allegations set forth in paragraph 89 of the Complaint, except admits that a case or controversy exists between Indian Harbor and BLX.

## First Defense

The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

The claims in the Complaint are barred, in whole or in part, by reason of the foregoing paragraphs in this Answer.

## Third Defense

The claims in the Complaint are barred, in whole or in part, by reason of the allegations and claims set forth in the Counterclaims herein, which are incorporated by reference into this Answer.

## Fourth Defense

The claims in the Complaint are barred, in whole or in part, because the allegations of the underlying claims against BLX are within the terms of coverage provided by the insurance contract Indian Harbor issued, and are not excluded therefrom.

## Fifth Defense

The claims in the Complaint are barred, in whole or in part, because Indian Harbor has materially breached its contract with BLX.

## Sixth Defense

BLX incorporates by reference, as though set forth at length, each and every legal defense asserted in any pleading in this action which is applicable to and supportive of BLX's defense of this action and not otherwise set forth herein.

## Seventh Defense

BLX reserves the right to amend and/or add affirmative defenses that become known to it through discovery.

## COUNTERCLAIMS

## Jurisdiction and Venue

1.      This Court has jurisdiction over BLX's counter-claim for declaratory judgment pursuant to 28 U.S.C. § 2201, and Federal Rule of Civil Procedure Rule 57.  Jurisdiction and venue over BLX's counter-claims for breach of contract are proper pursuant to 28 U.S.C. § 1332.

## Parties

2.      Defendant-Counterclaimant BLX is a Delaware limited liability company with its principal place of business in New York City, New York, and one of the largest non-bank small business lenders in the country.  BLX has offices throughout the country and has provided more than $4 billion in financing packages to thousands of companies in more than 30 different industries.

3.      Upon information and belief, Counterclaim-Defendant Indian Harbor Insurance Company ("Indian Harbor") is a corporation organized under the laws of the state of North Dakota, with its principal place of business in Stamford, Connecticut, is licensed to do business in New York, and is doing and transacting business in New York.

## General Allegations

4.       BLX purchased from Indian Harbor Errors and Omissions Policy Number

MPP001816401 (the "Policy") for the period of March 8, 2006 to March 8, 2007.

5.       The Policy contains the following coverage provision that, among other

provisions, may be implicated by the claims at issue:

> The **Company** will pay on behalf of the **Insured** all sums in excess of the
> deductible that the **Insured** becomes legally obligated to pay as **damages** and
> **claim expenses** as a result of a **claim** first made against the **Insured** and reported
> in writing to the **Company** during the **policy period**, by reason of an act or
> omission including **personal injury** in the performance of **professional services**
> by the **Insured** or by someone for whom the **Insured** is legally responsible. . .

Policy at 1, I.A (emphasis in original).

6.       The Policy contains the following defense provision that, among other provisions,

may be implicated by the claims at issue:

> The **Company** has the right and duty to defend any **claim** against the **Insured**
> even if any of the allegations of the **claim** are groundless, false or fraudulent.
> Defense counsel may be designated by the **Company** or, at the **Company's**
> option, by the Insured with the **Company's** written consent and subject to the
> **Company's** guidelines.

Policy at 1, I.B (emphasis in original).

7.       The Policy defines "**Claim**" as: "a demand for money or services naming the

**Insured** arising out of an act or omission in the performance of **professional services**.  A **claim**

also includes the service of suit or the institution of an arbitration proceeding against the

Insured."  Policy at 3 (emphasis in original).

8.       The Policy provides that "**Claim expenses**" are:

> 1.  Fees charged by attorneys designated by the **Company** or designated
> by the **Insured** with the **Company's** prior written consent.
>
> 2.  All other reasonable and necessary fees, costs and expenses resulting
> from the investigation, adjustment, negotiation, arbitration, mediation,
> defense or appeal of a **claim**, if incurred by the **Company** or by the
> **Insured** with the **Company's** prior written consent; and
>
> 3.  Premiums on appeal bonds, attachment bonds or similar bonds
> however, the **Company** is not obligated to apply for or furnish any such
> bond.

Policy at 3 (emphasis in original).

9.      On January 12, 2007, a summons was issued to BLX and the other defendants in the action entitled *United States of America, ex rel James R. Brickman, and Greenlight Capital, Inc. v. Business Loan Express, et al.*, No. 05-3147, which was filed in the United States District Court for the Northern District of Georgia (the "Brickman Action").

10.     BLX first received a copy of the operative complaint in the Brickman Action, the Third Amended Complaint, on January 16, 2007.

11.     BLX provided notice to Indian Harbor of the Brickman Action on or about January 31, 2007. Indian Harbor acknowledged receipt by letter dated February 12, 2007.

12.     The Brickman Action was initiated by the "Relators" James Brickman, a retired real estate developer from Texas, and Greenlight Capital, Inc., a hedge fund; both parties are believed to have "short" positions in the stock of Allied Capital Corporation, which has a controlling interest in BLX. The claims were asserted under the federal False Claims Act and arise out of alleged conduct in connection with federal Small Business Administration ("SBA") loans to shrimp fishermen. The federal government declined to intervene in the Brickman Action.

13.     The named defendants in the Brickman Action are BLX, Business Loan Center, LLC, Robert Tannenhauser, Matthew McGee and George Harrigan.

14.     BLX denies any liability in the Brickman Action.

15.     BLX promptly advised Indian Harbor of the Brickman Action.

16.     BLX has fulfilled all conditions precedent to coverage, if any, under the Policy.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

17.     Paragraphs 1 through 16 of the Counterclaims are repeated and realleged as if fully set forth herein.

18.     The Brickman Action constitutes a Claim under the Policy.

19.     BLX has paid and is legally obligated to pay claim expenses in connection with the Brickman Action.

20.     Under the Policy, Indian Harbor is obligated to pay BLX for claim expenses BLX has incurred and will incur in connection with the Brickman Action.

21.     Indian Harbor has failed to honor its obligation to BLX under the Policy to pay the claim expenses incurred in connection with the Brickman Action.

22.     By reason of the foregoing, BLX is entitled to recover from Indian Harbor claim expenses incurred by BLX in connection with the Brickman Action.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

23.     Paragraphs 1 through 22 of the Counterclaims are repeated and realleged as if fully set forth herein.

24.     The Brickman Action is covered by the Policy.

25.     Indian Harbor owes a duty under the policy to indemnify BLX and to pay losses incurred by BLX in the Brickman Action.  Indian Harbor's failure to indemnify BLX and to pay losses incurred by BLX in the Brickman Action constitutes a breach of contract.

26.     By reason of the foregoing, BLX is entitled to recover damages from Indian Harbor in an amount to be determined.

## THIRD CLAIM FOR RELIEF – DECLARATORY JUDGMENT

27.     Paragraphs 1 through 27 of the Counterclaims are repeated and realleged as if fully set forth herein.

28.     BLX has demanded that Indian Harbor perform its duties under the Policy to indemnify BLX and to pay losses incurred by BLX in the Brickman Action.

29.     Indian Harbor has failed and refused to honor its obligations under the Policy.

30.     There is a controversy between BLX and Indian Harbor with respect to Indian Harbor's obligations to BLX under the Policy in connection with the Brickman Action.

## PRAYER FOR RELIEF

WHEREFORE, BLX respectfully requests judgment dismissing the Complaint in its entirety and with prejudice, awarding BLX the costs and attorneys' fees it has incurred in defending this action, together with prejudgment and all other interest allowed by law, and awarding judgment in favor of  BLX and against Indian Harbor:

(a)     On the First Claim for Relief, finding that Indian Harbor is obligated to pay claim expenses incurred by BLX in connection with the Brickman Action, and awarding BLX damages in an amount equivalent to those claim expenses;

(b)     On the Second Claim for Relief, awarding BLX damages from Indian Harbor for Indian Harbor's failure to honor its obligations under the Policy in connection with the Brickman Action;

(c)     On the Third Claim for Relief, declaring that Indian Harbor is liable to pay sums for the defense and indemnity of BLX with respect to the claims presented in the Brickman Action;

(d)     On all Claims for Relief, awarding BLX its costs and attorneys' fees incurred in this action, prejudgment interest and such other interest as may be allowed by law on all sums awarded, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

DICKSTEIN SHAPIRO LLP


By:  /s/ Joseph F. Fields
     Jerold Oshinsky
     Joseph F. Fields
     1177 Avenue of the Americas
     New York, NY 10036-2714
     Tel:  (212) 277-6500

     *Attorneys for* Defendant Business Loan
     Express, LLC (f/k/a Business Loan Express
     Inc.); Business Loan Center, LLC (f/k/a
     Business Loan Center, Inc.); Robert
     Tannenhauser and Matthew McGee

DATED:  August 3, 2007