IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS LOAN EXPRESS, LLC, f/k/a BUSINESS LOAN EXPRESS, INC., BUSINESS LOAN CENTER, LLC, f/k/a BUSINESS LOAN CENTER, INC, ROBERT TANNENHAUSER, MATTHEW MCGEE and GEORGE HARRIGAN,<br><br>Defendants. | Case No. 07 CV 4725 |

## ANSWER TO COUNTER-CLAIMS

The Plaintiff, INDIAN HARBOR INSURANCE COMPANY, by and through its attorneys, by way of its Answer to Counter-Claims, states as follows:

### Jurisdiction and Venue

1. Indian Harbor Insurance Company ("Indian Harbor") admits the allegations of Paragraph 1 of the Counter-Claims.

### Parties

2. Indian Harbor admits that BLX is a Delaware limited liability company with its principal place of business in New York City, New York. Indian Harbor lacks knowledge as to the remaining allegations of Paragraph 2 and therefore denies said remaining allegations.

3. Indian Harbor admits the allegations of Paragraph 4 of the Counter-Claims.

### General Allegations

4. Indian Harbor admits the allegations of Paragraph 5 of the Counter-Claims.

2939994.1

5. Indian Harbor answers that the Policy speaks for itself and therefore denies all allegations contained in Paragraph 5 to the extent they are inconsistent with the provisions of the Policy.

6. Indian Harbor answers that the Policy speaks for itself and therefore denies all allegations contained in Paragraph 6 to the extent they are inconsistent with the provisions of the Policy.

7. Indian Harbor answers that the Policy speaks for itself and therefore denies all allegations contained in Paragraph 7 to the extent they are inconsistent with the provisions of the Policy.

8. Indian Harbor answers that the Policy speaks for itself and therefore denies all allegations contained in Paragraph 8 to the extent they are inconsistent with the provisions of the Policy.

9. Upon information and belief, Indian Harbor admits the allegations of Paragraph 9 of the Counter-Claims.

10. Indian Harbor lacks knowledge as to the truth or falsity of the allegations of Paragraph 10 and therefore denies the allegations of Paragraph 10 of the Counter-Claims.

11. Indian Harbor admits the allegations of Paragraph 11 of the Counter-Claims

12. Indian Harbor admits that the action was initiated by "Relators" James Brickman and Greenlight Capital, Inc. Indian Harbor further admits that the claims in the Brickman Action were asserted under the federal False Claims Act and arise out of alleged conduct in connection with federal Small Business Administration ("SBA") loans to shrimp fishermen. Indian Harbor lacks knowledge as to the truth or falsity of the remaining allegations of Paragraph 12 and therefore denies the remaining allegations of Paragraph 12 of the Counter-Claims.

2939994.1

13. Indian Harbor admits the allegations of Paragraph 13 of the Counter-Claims.

14. Upon information and belief, Indian Harbor admits the allegations of Paragraph 14 of the Counter-Claims.

15. Indian Harbor lacks knowledge as to when BLX first became aware of the Brickman Action, but otherwise denies the allegations of Paragraph 15 of the Counter-Claims.

16. Indian Harbor denies the allegations of Paragraph 16 of the Counter-Claims.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTACT**

17. Indian Harbor reasserts its answers to Paragraphs 1 through 16 of the Counter-Claims as if set forth fully herein as Paragraph 17 of the First Claim for Relief.

18. Indian Harbor admits the allegations of Paragraph 18 of the Counter-Claims.

19. Indian Harbor admits that BLX is legally obligated to pay the reasonable and necessary claims expenses in connection with the Brickman Action. Indian Harbor further answers that it lacks knowledge as to the truth or falsity of the statement that BLX has paid claim expenses in connection with the Brickman Action and therefore denies such allegation. Indian Harbor denies the remaining allegations of Paragraph 19 of the Counter-Claims.

20. Indian Harbor denies the allegations of Paragraph 20.

21. Indian Harbor denies the allegations of Paragraph 21.

22. Indian Harbor denies the allegations of Paragraph 22.

**SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT**

23. Indian Harbor reasserts its answers to Paragraphs 1 through 16 of the Counter-Claims as if set forth fully herein as Paragraph 23 of the Second Claim for Relief.

24. Indian Harbor denies the allegations of Paragraph 24 of the Counter-Claims.

25. Indian Harbor denies the allegations of Paragraph 25 of the Counter-Claims.

26. Indian Harbor denies the allegations of Paragraph 26 of the Counter-Claims.

### THIRD CLAIM FOR RELIEF – DECLARATORY JUDGMENT

27. Indian Harbor reasserts its answers to Paragraphs 1 through 16 of the Counter-Claims as if set forth fully herein as Paragraph 27 of the Third Claim for Relief.

28. Indian Harbor admits that BLX has requested indemnity coverage under the Policy. Indian Harbor denies that it has any obligation to provide indemnity coverage to BLX in the Brickman Action. Indian Harbor denies the remaining allegations of Paragraph 28 of the Counter-Claims.

29. Indian Harbor denies the allegations of Paragraph 29 of the Counter-Claims.

30. Indian Harbor admits the allegations of Paragraph 30.

### PRAYER FOR RELIEF

WHEREFORE, Indian Harbor denies that BLX is entitled to any relief under the Policy and Indian Harbor respectfully requests judgment dismissing the Counter-Claims in their entirety and awarding Indian Harbor the costs and attorneys fees it has incurred in defending this action and a declaration in favor of Indian Harbor.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Counter-Claims fail to state a claim upon which relief can be granted.

#### Second Affirmative Defense

The claims in the Counter-Claims are barred, in whole or in part, by reason of the foregoing paragraphs in this Answer.

#### Third Affirmative Defense

2939994.1

The claims in the Counter-Claims are barred, in whole or in part, by reason of the allegations and claims set forth in the Complaint filed by Indian Harbor in this action, which are incorporated by reference into this Answer.

**Fourth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by reason of the application of the Policy's "Retroactive Date" to preclude defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Fifth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by reason of the application of the condition precedent to coverage in Section A.2 of the Insuring Agreement which precludes defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Sixth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by reason of the application of the Policy's definition of "Damages" which precludes defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Seventh Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by the reason of the application of Exclusion A of the Policy, which precludes defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Eighth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by the reason of the application of Exclusion I of the Policy, which precludes defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Ninth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, by the reason of the application of the exclusions contained in Endorsement #001 of the Policy, which preclude defense and/or indemnity coverage under the Policy for some or all of the claims asserted in the Brickman Action.

**Tenth Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, because the claim expenses incurred by BLX in connection with the Brickman Action are unreasonable and objectionable.

**Eleventh Affirmative Defense**

The claims in the Counter-Claims are barred, in whole or in part, because the claim expenses incurred by BLX in connection with the Brickman Action fail to comply with the XL Defense Counsel Guidelines.

**Twelfth Affirmative Defense**

Any and all claims for defense fees due and/or owing from Indian Harbor are fully reimbursable to Indian Harbor upon a finding of no coverage in this action.

**Thirteenth Affirmative Defense**

Indian Harbor incorporates by reference, as though set forth at length, each and every legal defense asserted in any pleading in this action which is applicable to and supportive of Indian Harbor's position in this action and not otherwise set forth herein.

2939994.1

**Fourteenth Affirmative Defense**

Indian Harbor reserves the right to amend and/or add affirmative defenses that become known to it through discovery.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: *[signature]*
Edward J. Boyle
Peter J. Larkin
*Attorneys for Plaintiff*
*Indian Harbor Insurance Company*
150 E. 42nd Street
New York, New York 10017
(212) 490 – 3000
File No.: 10097.00028

OF COUNSEL:
Michael P. Tone
Kimberly R. Blair
ROSS, DIXON & BELL, LLP
55 W. Monroe St.
Suite 3000
Chicago, IL 60603
p: (312) 759-1920
f: (312) 759-1939

Dated: September 6, 2007

To:  Joseph F. Fields, Esq.
     DICKSTEIN SHAPIRO LLP
     1177 Avenue of the Americas
     New York, NY 10036
     (212) 277 – 6500

2939994.1

Robert J. Spagnoletti, Esq.
SCHERTLER & ONORATO LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, DC 20004
(202) 628 - 4199

2939994.1

## CERTIFICATE OF SERVICE

JILL F. SPIELBERG, an attorney duly admitted to practice in the State of New York, hereby certifies that on the 6th day of September, 2007, I caused true and correct copy of the ANSWER TO COUNTER-CLAIMS, to be served at the address designated by said attorneys for that purpose via Regular Mail:

Joseph F. Fields, Esq.
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277 – 6500

Robert J. Spagnoletti, Esq.
SCHERTLER & ONORATO LLP
601 Pennsylvania Avenue, N.W.
North Building, 9th Floor
Washington, DC 20004
(202) 628 - 4199

Dated: New York, New York
September 6, 2007

_____
JILL F. SPIELBERG

2940078.1